[No. 45571-1-I.   Division One.   September 18, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. J.B., *Appellant*.

584

*James R. Dixon* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Catherine D. Shaffer, Deputy*, for respondent.

BAKER, J. — J.B. pleaded guilty to incest in the first degree. The disposition court imposed a 104-week manifest injustice disposition that was suspended pending J.B.'s completion of a Special Sex Offender Disposition Alternative (SSODA). Four months later, the court revoked the suspension of the 104-week disposition because J.B. did not comply with the SSODA conditions. J.B. sought review of the manifest injustice disposition. We requested supplemental briefing concerning the timeliness of this appeal. We conclude that this appeal is timely because J.B. was not advised of his right to appeal when the disposition was first entered and that, in any event, the proper time to appeal a suspended manifest injustice disposition is after that disposition is imposed following SSODA revocation. We thus consider the merits of the disposition, and affirm.

■ The disposition court did not advise J.B. of his appellate rights at the conclusion of the disposition hearing, as required by JuCR 7.12(b). The State does not contest this fact, and we conclude that J.B.'s appeal is timely on the

basis that the State has not demonstrated that J.B. waived his right to appeal.

■ We also address the proper timing of appeals from suspended manifest injustice dispositions because that issue has been the source of some confusion among practitioners and the courts. Specifically, the State requests that this court rule that such a disposition cannot be appealed until it is imposed following the revocation of a SSODA. We agree with the State that such is the proper ruling, and particularly note the considerations discussed by the court in *State v. Langland*,[1] namely, that suspended sentences are not ripe for appellate review because the consequences of such rulings are merely potential, not actual.

■ The SSODA statute provides that SSODA dispositions are not appealable under RCW 13.40.230, which provides for appellate review of juvenile dispositions.[2] Reading the plain language of these statutes, we conclude that there is no appealable disposition so long as a juvenile is subject to a SSODA disposition. Indeed, if a juvenile completes the alternative disposition, the propriety of a suspended manifest injustice disposition is a superfluous issue. Until a juvenile's SSODA disposition is revoked, appeal of the suspended disposition is not proper.[3]

Affirmed.

A majority of the panel having determined that the remainder of this opinion lacks precedential value and will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

COLEMAN and APPELWICK, JJ., concur.

---

[1] 42 Wn. App. 287, 292, 711 P.2d 1039 (1985).

[2] RCW 13.40.160; RCW 13.40.230.

[3] Under our reasoning, the proper time to inform a juvenile of his or her right to appeal is at the time that the suspended disposition is imposed.