IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  35130-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| T.J.S.-M.,† | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Following a disposition hearing at which juvenile T.J.S.-M. was found guilty of two counts of unlawful imprisonment with sexual motivation and one count of fourth degree assault, all committed against female high school classmates, the trial court imposed a two-year special sex offender disposition alternative (SSODA).  It also imposed a suspended manifest injustice sentence of 36 weeks to be served if T.J.S.-M.'s SSODA was revoked.  T.J.S.-M. seeks to appeal the manifest injustice sentence.  There is no indication his SSODA has been revoked.

---

† We have changed the case title in accordance with an amendment to RAP 3.4 and the General Order for the Court of Appeals, *In Re Changes to Case Title* (Wash. Ct. App. 2018), both effective September 1, 2018.

No. 35130-1-III
*State v. T.J.S.-M.*

If a juvenile offender is found to have committed a sex offense other than a sex offense that is also a serious violent offense as defined by RCW 9.94A.030, and has no history of a prior sex offense, the court may impose a SSODA. RCW 13.40.162; .160(3). The SSODA is not appealable under RCW 13.40.230. RCW 13.40.162(10); *State v. J.B.*, 102 Wn. App. 583, 585, 9 P.3d 890 (2000).

In *J.B.*, this court addressed the proper timing of appeals from suspended manifest injustice dispositions, an issue it observed "has been the source of some confusion among practitioners and the courts." *Id.* It concluded that "the proper time to appeal a suspended manifest injustice disposition is after that disposition is imposed following SSODA revocation." *Id.* at 584. Citing *State v. Langland*, 42 Wn. App. 287, 292, 711 P.2d 1039 (1985), the decision observed that the suspended sentence is not ripe for review "because the consequences of such rulings are merely potential, not actual," and that if the juvenile completes the alternative disposition, "the propriety of a suspended manifest injustice disposition is a superfluous issue." *J.B.*, 102 Wn. App. at 585.

T.J.S.-M. asks that we "abrogate [the] 17 year old[1] Court of Appeals decision." Appellant's Reply Br. at 3. We are not bound by *J.B. In Re Pers. Restraint of Arnold*, 190 Wn.2d 136, 154, 410 P.3d 1133 (2018). While not bound, we find its reasoning to be sound.

---

[1] Now 18 years old.

2

No. 35130-1-III
*State v. T.J.S.-M.*

T.J.S.-M.'s appeal is dismissed as premature.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.

3